## GROSVENOR *versus* TARBOX.

In an action of debt upon the judgment of a justice of the peace whose commission had expired for more than two years, if the minutes upon the justice's docket are such, as to enable the Court to perceive that they would authorize the record of a regular judgment in that case, they will be sufficient to sustain the suit.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.
DEBT, on a judgment of a justice of the peace.
The plea was *nul tiel record*.

To maintain the issue on the part of plaintiff, he introduced the justice as a witness, who testified that his commission expired some five years before, and he produced his docket containing the minutes of the suit between those parties, their names, the amount of debt and costs, the time when defendant was defaulted, and that this was all the record of the judgment he had. He read also therefrom the dates when eight executions had been issued by him thereon, and produced the original writ in that suit.

While the case was on trial, the justice who tried the original action extended his record and brought it into Court, and testified that the same was his record of the case.

The evidence was all objected to, and the cause was withdrawn from the jury and submitted to the full Court, to render a judgment according to the legal rights of the parties, upon so much of the testimony as was legally admissible.

*W. Bradbury*, for defendant, cited *Wentworth* v. *Keazer & al.* 30 Maine, 336; R. S., c. 116, § 28; *English* v. *Sprague*, 33 Maine, 440; *Porter* v. *Haskell*, 11 Maine, 177.

*J. C. Woodman*, for plaintiff, relied upon *Davidson* v. *Slocomb*, 18 Pick. 464; *Pruden* v. *Alden*, 23 Pick. 184; *Longley* v. *Vose*, 27 Maine, 179; *same*, 467; *Baldwin* v. *Prouty*, 13 Johns. 430; Starkie's Ev., part 2, § § 32, 33, and vol. 3, 1276.

SHEPLEY, C. J. — The action is debt upon a judgment of a justice of the peace. *Nul tiel record* was pleaded. The justice had ceased to be in commission more than two years before he made a copy of an extended record, and such attested copy was not legal testimony. R. S., c. 116, § 28. He was introduced as a witness, and produced a book kept in the form of a docket, and testified that it was his docket, and that it contained all the record he had of his judgments as a justice of the peace. He also produced the original

writ and the several executions, which had been issued on that judgment. The book contains the minutes of an entry before him of an action in favor of the plaintiff, against the defendant, on May 17, 1833, of a default of the defendant, of the amount of the debt and of the costs, of eight executions issued and returned without satisfaction.

It has been decided that minutes kept on a docket by one whose duty it is to make a record of a suit, must stand as the record, until an extended record can be made. *Pruden* v. *Alden*, 23 Pick. 184; *Longley* v. *Vose*, 27 Maine, 179.

When such minutes are sufficient to enable a Court to perceive, that they would authorize the record of a regular judgment to be made, they must be regarded as proof, when no mode is provided for more perfect proof. In this case they appear to have been of that character.

*Defendant defaulted.*